**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

JASON HACHIGIAN,
MINH TRAN,
JADEN HACHIGIAN,
GINO AQUINO, and
BABY DOE

                Plaintiffs.

vs.                                    Case No.
                                    Hon.

UBER, INC.,                      Jury Trial Demanded
DRIVER #1, and
DRIVER #2.

                Defendants.
_____/

SCOTT D. NADEAU (P64316)
Attorney for Plaintiffs Minh Tran and Baby Doe, and Gino Aquino
26339 Woodward Ave.
Huntington Woods, MI 48070
Phone: (313) 279-1276
Fax: (313) 447-2357
scott@nadeaulawfirm.com

DAVID BURGESS (P58557)
Attorney for Plaintiffs Jason Hachigian and Jaden Hachigian
1360 Porter St #260
Dearborn, MI 48124
Phone : (313) 961-4382
david29_1999@yahoo.com
_____/


**<u>COMPLAINT</u>**

    NOW COME PLAINTIFFS, JASON HACHIGIAN, MINH TRAN, JADEN

HACHIGIAN, GINO AQUINO, and BABY DOE by and through their attorneys, SCOTT D.

NADEAU and DAVID M. BURGESS for their Complaint against DEFENDANT DRIVER #1,

DEFENDANT DRIVER #2 and UBER, INC. allege on knowledge as to their own actions, and

otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This claim is for assault, negligence, wrongful death, and other charges resulting in injuries to Jason Hachigian ("Jason"), Minh Tran ("Minh"), Jaden Hachigian ("Jaden"), and Gino Aquino ("Gino"), and the wrongful death of Baby Doe.

2.      Plaintiffs seek damages in excess of $75,000 each.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of Michigan and, on information and belief, citizens of Illinois, and a corporation of Delaware and/or California that does business in the State of Michigan, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5.      Plaintiff Jason Hachigian (DOB 2/13/1984) is an individual who resides in Grosse Pointe, Michigan and is domiciled in Michigan.

6.      Plaintiff Minh Tran (DOB 9/23/1991) is an individual who resides in Grosse Pointe, Michigan, and is domiciled in Michigan.

7.      Plaintiff Baby Doe at the time of the incident was a resident of Michigan and domiciled in Michigan.

8.      Plaintiff Jaden Hachigian (DOB 3/7/2023) is an individual who resides in Grosse Pointe, Michigan and is domiciled in Michigan.

9.      Plaintiff Jaden is the son of Plaintiff Minh and Plaintiff Jason.

10.     Plaintiff Gino Aquino (DOB 1/28/2019) is an individual who resides in Gross Pointe, Michigan. He is domiciled in Michigan.

11.     Plaintiff Gino Aquino is the son of Plaintiff Minh.

12.     Upon information and belief, Defendant Driver #1 is an individual who, on information and belief, resides in Illinois and is domiciled in Illinois.

13.     Defendant Driver #1 worked as a driver for Defendant Uber, Inc. ("Uber"), at the time of the incident.

14.     Upon information and belief, Defendant Driver #2 is an individual who resides in Chicago, Illinois, and is domiciled in Illinois.

15.     Defendant Driver #2 worked as a driver for Uber at the time of the incident.

16.     Upon information and belief, Defendant Uber, Inc. is a corporation that is incorporated in Delaware and has its principal place of business in San Francisco, California.

17.     Uber conducts business as a corporation duly licensed in both Michigan and Illinois.

## FACTS

18.     On or about August 1, 2021 Plaintiffs Jason and Minh were in Chicago, Illinois for a trip related to Jason's work.

19.     On this day, Minh was pregnant with Plaintiff Jason's and Minh's daughter (Baby Doe).

20.     Between approximately 11pm and 12am, Jason used the Uber app on his iPhone to order an Uber car to pick up him and Minh and take them to a designated location.

21.     The Uber car arrived and Jason and Minh got into the vehicle that was driven by Defendant Driver #1.

22.     They were heading south on Wacker Drive in Chicago, when the vehicle approached a traffic control device at the intersection at Wacker Drive and Madison Street.

23.     At that intersection, another Uber car driven by Defendant Driver #2 struck the car driven by Defendant Driver #1 and occupied by Jason, Minh, and Baby Doe on the front passenger side.

24.     As a result of being struck at a high rate of speed by the Uber vehicle driven by Driver #2, the Uber car driven by Defendant Driver #1 spun out and hit a utility pole causing the car to stop abruptly.

25.     After the car had stopped, Minh found that she had been ejected from the rear seat and landed in the front passenger area partially on top of the dashboard, wedged under the windshield.

26.     Jason and Minh then exited the vehicle and Jason approached the Uber car driven by Defendant Driver #2.

27.     Defendant Driver #2 was grabbing the passenger in his vehicle by her hair, ostensibly in an effort to remove her from his vehicle, so Jason yelled at Defendant Driver #2 to stop assaulting the unknown passenger.

28.     Defendant Driver #2 stopped pulling on the hair of his passenger and began to act erratically, and began forcibly removing the security cameras from his vehicle.

29.     Jason told Driver #2 to stop removing the cameras from his vehicle.

30.     At that time, Minh had joined Jason in telling Driver #2 to stop removing the cameras from his vehicle, and at that time, Driver #2 hit Minh in the face with a closed fist.

31.     The scene became chaotic, but eventually Jason was able to call the police to report the accident and assault upon Minh and the passenger of Driver #2's vehicle.

32.     Minh began to state that her abdomen was very sore, as well as experiencing other injuries from being thrown into the front seat of her Uber vehicle due to the force of the impact between the two Uber vehicles.

33.     Jason also realized that he had been injured in the motor vehicle accident.

34.     Police did not come to the scene, for reasons unknown.

35.     Jason and Minh left the scene to seek medical attention for their injuries rather than wait for an ambulance to arrive because Minh was feeling extremely uneasy in her abdomen area.

36.     Jason and Minh first went to Northwestern University Hospital in Chicago, Illinois, but were told by staff that there would be up to a 32-hour wait to attend to their injuries.

37.     Minh's abdominal condition continued to worsen.

38.     Jason and Minh determined that returning home to Michigan for medical care would be faster than waiting for service in the Northwestern Hospital.

39.     Jason and Minh rented a car and drove back to Michigan to seek medical care.

40.     Jason and Minh, upon returning to Michigan, sought and received medical care from St. John Ascension Hospital in Detroit, Michigan.

41.     Minh's pregnancy did not progress, her condition worsened, and she eventually miscarried Baby Doe.

42.     Jason was present and held the deceased girl Baby Doe in his hands.

43.     Minh's obstetrician, on a follow up visit, noted that the otherwise healthy, normal pregnancy, ended because of the severe traumatic assault upon Minh's womb, causing the baby to be killed, resulting in the subsequent miscarriage.

44.     Minh was able to conceive another child by Jason, Plaintiff Jaden, who was born March 6, 2023.

## COUNT I: ASSAULT UPON MINH TRAN
### As against Defendants Driver #2 and Uber, Inc.

45.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

46.     On August 1, 2021 Defendant Driver #2 assaulted Minh by striking her with a closed fist in her face without the express permission of Minh.

47.     Upon information and belief, Defendant Driver #2 was driving for Uber and thus acting as an agent for Uber.

48.     By reason of the foregoing, Defendant Driver #2 and Uber are liable to Minh in the amount of more than $75,000 plus costs and attorney fees.

## COUNT II: NEGLIGENCE RESULTING IN INJURY TO JASON HACHIGIAN
### As against Defendants Driver #1 and Uber, Inc.

49.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

50.     On August 1, 2021, Defendant Driver #1, owed duties of reasonable care and caution to Jason under the Illinois Vehicle Code (625 ILCS 5 et seq.) and under common laws of the State of Illinois, but breached duties in at least one of the following ways as it is presently known:

(a)  Driving without due care and caution in violation of 625 ILCS 5/11-1003.1;

(b)  Negligently failing to maintain a reasonable careful lookout for traffic;

(c)  Operating a motor vehicle with defective brakes, tires, steering components, and other equipment, or carelessly failing to maintain the brakes, tires, steering components or other equipment of said vehicle in reasonably good repair in violation of 625 ILCS 5/12-101;

(d)  Operating said motor vehicle at excessive speed given the conditions of the road at the time of the accident in violation of 625 ILCS 5/11-601;

(e)  Carelessly following other motor traffic more closely than was reasonable or prudent;

(f)   Driving under the influence of alcohol and/or other controlled substances in violation of 625 ILCS 5/11-501;

(g)   By failing to warn by sounding a horn or otherwise in violation of 625 ILCS 5/11-1003.1;

(h)   Other negligent acts that shall be revealed through discovery.

51.   The negligent acts of Defendant Driver #1, as stated herein, were actual and proximate cause(s) of Jason's severe and permanent injuries.

52.   At the time of the accident, Defendant Driver #1 was acting in his capacity as an agent of Uber, as he had passengers who had duly summoned his services via the Uber app and had Jason and Minh in his vehicle as Uber clients.

53.   Uber owed a duty of care to Jason because Plaintiffs had hired Uber and Uber's agent to drive them at the time of the accident.

54.   By reason of the foregoing, Defendant Driver #1 and Uber are liable to Jason in the amount of more than $75,000 plus costs and attorney fees.

## COUNT III: NEGLIGENCE RESULTING IN INJURY TO JASON HACHIGIAN
### As against Defendants Driver #2 and Uber, Inc.

55.   Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

56.   On August 1, 2021, Defendant Driver #2, owed duties of reasonable care and caution to Jason under the Illinois Vehicle Code (625 ILCS 5 et seq.) and under common laws of the State of Illinois, but breached duties in at least one of the following ways as it is presently known:

(a)   Driving without due care and caution in violation of 625 ILCS 5/11-1003.1;

(b)   Negligently failing to maintain a reasonable careful lookout for traffic;

(c)   Operating a motor vehicle with defective brakes, tires, steering components, and other equipment, or carelessly failing to maintain the brakes, tires, steering

components or other equipment of said vehicle in reasonably good repair in violation of 625 ILCS 5/12-101;

(d) Operating said motor vehicle at excessive speed given the conditions of the road at the time of the accident in violation of 625 ILCS 5/11-601;

(e) Carelessly following other motor traffic more closely than was reasonable or prudent;

(f) Driving under the influence of alcohol and/or other controlled substances in violation of 625 ILCS 5/11-501;

(g) By failing to warn by sounding a horn or otherwise in violation of 625 ILCS 5/11-1003.1;

(h) Other negligent acts that shall be revealed through discovery.

57. The negligent acts of Defendant Driver #2, as outlined above, were actual and proximate cause(s) of Jason's severe and permanent injuries, as alleged herein.

58. At the time of the accident, Defendant Driver #2 was acting in his capacity as an agent of Uber, Inc. as he had Uber passenger(s) in his vehicle at the time of the subject motor vehicle crash.

59. Uber owed a duty of care to Jason because he had hired Uber to drive Plaintiffs at the time of the accident.

60. By reason of the foregoing, Defendant Driver #2 and Defendant Uber are liable to Jason in the amount of more than $75,000 plus costs and attorney fees.

## COUNT IV: NEGLIGENCE RESULTING IN INJURY TO MINH
### As against Defendant Driver #1 and Uber, Inc.

61. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

62. On August 1, 2021, Defendant Driver #1, owed duties of reasonable care and caution to Minh under the Illinois Vehicle Code (625 ILCS 5 et seq.) and under common laws of the State of Illinois, but breached duties in at least one of the following ways as it is presently known:

(a) Driving without due care and caution in violation of 625 ILCS 5/11-1003.1;

(b) Negligently failing to maintain a reasonable careful lookout for traffic;

(c) Operating a motor vehicle with defective brakes, tires, steering components, and other equipment, or carelessly failing to maintain the brakes, tires, steering components or other equipment of said vehicle in reasonably good repair in violation of 625 ILCS 5/12-101;

(d) Operating said motor vehicle at excessive speed given the conditions of the road at the time of the accident in violation of 625 ILCS 5/11-601;

(e) Carelessly following other motor traffic more closely than was reasonable or prudent;

(f) Driving under the influence of alcohol and/or other controlled substances in violation of 625 ILCS 5/11-501;

(g) By failing to warn by sounding a horn or otherwise in violation of 625 ILCS 5/11-1003.1;

(h) Other negligent acts that shall be revealed through discovery.

63.     The negligent acts of Defendant Driver #1, as outlined above, were actual and proximate cause(s) of Minh's severe and permanent injuries alleged herein.

64.     At the time of the accident, Defendant Driver #1 was acting in his capacity as an agent of Uber as he had Uber passenger(s) in his vehicle at the time of the subject motor vehicle crash.

65.     Uber owed a duty of care to Minh because she, through Jason, had hired Uber to drive Plaintiffs at the time of the accident.

66.     By reason of the foregoing, Defendant Driver #1 and Uber are liable to Minh in the amount of more than $75,000 plus attorney costs and fees.

**Count V: NEGLIGENCE RESULTING IN INJURY TO MINH**
**As against Defendant Driver #2 and Uber, Inc.**

67.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

68.     On August 1, 2021, Defendant Driver #2, owed duties of reasonable care and caution to Minh under the Illinois Vehicle Code (625 ILCS 5 et seq.) and under common laws of the State of Illinois, but breached duties in at least one of the following ways as it is presently known:

(a)  Driving without due care and caution in violation of 625 ILCS 5/11-1003.1;

(b)  Negligently failing to maintain a reasonable careful lookout for traffic;

(c)  Operating a motor vehicle with defective brakes, tires, steering components, and other equipment, or carelessly failing to maintain the brakes, tires, steering components or other equipment of said vehicle in reasonably good repair in violation of 625 ILCS 5/12-101;

(d)  Operating said motor vehicle at excessive speed given the conditions of the road at the time of the accident in violation of 625 ILCS 5/11-601;

(e)  Carelessly following other motor traffic more closely than was reasonable or prudent;

(f)  Driving under the influence of alcohol and/or other controlled substances in violation of 625 ILCS 5/11-501;

(g)  By failing to warn by sounding a horn or otherwise in violation of 625 ILCS 5/11-1003.1;

(h)  Other negligent acts that shall be revealed through discovery.

69.     The negligent acts of Defendant Driver #2, as stated herein, were an actual and proximate cause of Minh's severe and permanent injuries.

70.     At the time of the accident, Defendant Driver #2 was acting in his capacity as an agent of Uber as he had Uber passenger(s) in his vehicle at the time of the subject motor vehicle crash.

71.     Uber owed a duty of care to Minh because she, through Jason, had hired Uber to drive Plaintiffs at the time of the accident.

72.     By reason of the foregoing, Defendant Driver #2 and Defendant Uber are liable to Minh in the amount of more than $75,000 plus attorney costs and fees.

## COUNT VI: Wrongful Death (Baby Doe)
## As against Defendant Driver #1 and Uber, Inc.

73.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

74.     At the time of the accident, Plaintiff Minh was pregnant with Baby Doe.

75.     On August 1, 2021, Defendant Driver #1, owed duties of reasonable care and caution to Baby Doe under the Motor Vehicle Code of the State of Michigan and under common laws of the State of Michigan, but breached duties in at least one of the following ways as it is presently known:

(a)     Driving without due care and caution in violation of MCLA 257.626(b);

(b)     Driving said motor vehicle upon the highway at a speed greater than that which would permit the driver to bring the vehicle to a stop within the assured clear distance ahead in violation of MCLA 257.627;

(c)     Negligently failing to maintain a reasonable careful lookout for other traffic then lawfully upon the highway;

(d)     Operating a motor vehicle with defective brakes, tires, steering components and other equipment, or in carelessly failing to maintain the brakes, tires, steering components or other equipment of said vehicle in reasonably good repair in violation of MCLA 257.627;

(e)     Operating said motor vehicle at an excessive speed given the road conditions at the time of the accident in violation of MCLA 257.627;

(f)     Carelessly following other motor traffic more closely than was reasonable or prudent;

(g)     Driving under the influence of alcohol and/or other controlled substance(s) in violation of 257.625;

(h)     By failing to warn by sounding a horn or otherwise in violation of MCLA 257.706;

(i)     Other negligent acts as shall be revealed through discovery.

76.     As a result of her injuries from the accident, Minh experienced a miscarriage and Baby Doe passed away soon after Minh returned to Michigan.

77.     The negligent acts of Defendant Driver #1, as outlined above, were actual and proximate cause(s) of the loss of Baby Doe's life.

78.     At the time of the accident, Defendant Driver #1 was acting in his capacity as an agent of Uber as he had Uber passenger(s) in his vehicle at the time of the subject motor vehicle crash.

79.     Uber owed a duty of care to Baby Doe because she, through Jason, had hired Uber to drive Plaintiffs at the time of the accident.

80.     By reason of the foregoing, Defendant Driver #1 and Uber are liable to Baby Doe in the amount of more than $75,000 plus attorney costs and fees.

**Count VII: Wrongful Death (Baby Doe)**
**As against Defendant Driver #2 and Uber, Inc.**

81.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

82.     On August 1, 2021, Defendant Driver #2, owed a duties of reasonable care and caution to Baby Doe under the Motor Vehicle Code of the State of Michigan and under common laws of the State of Michigan, but breached duties in at least one of the following ways as it is presently known:

    (a)     Driving without due care and caution in violation of MCLA 257.626(b);

    (b)     Driving said motor vehicle upon the highway at a speed greater than that which would permit the driver to bring the vehicle to a stop within the assured clear distance ahead in violation of MCLA 257.627;

    (c)     Negligently failing to maintain a reasonable careful lookout for other traffic then lawfully upon the highway;

    (d)     Operating a motor vehicle with defective brakes, tires, steering components and other equipment, or in carelessly failing to maintain the brakes, tires, steering components or other equipment of said vehicle in reasonably good repair in violation of MCLA 257.627;

     (e)     Operating said motor vehicle at an excessive speed given the road conditions at the time of the accident in violation of MCLA 257.627;

     (f)     Carelessly following other motor traffic more closely than was reasonable or prudent;

     (g)     Driving under the influence of alcohol and/or other controlled substance(s) in violation of 257.625;

     (h)     By failing to warn by sounding a horn or otherwise in violation of MCLA 257.706;

     (i)     Other negligent acts as shall be revealed through discovery.

83.     As a result of her injuries from the accident, Plaintiff Minh experienced a miscarriage and Baby Doe passed away soon after Minh returned to Michigan.

84.     The negligent acts of Defendant Driver #2, as outlined above, were actual and proximate cause(s) of the loss of Baby Doe's life.

85.     At the time of the accident, Defendant Driver #2 was acting in his capacity as an agent of Uber as he had Uber passenger(s) in his vehicle at the time of the subject motor vehicle crash.

86.     Uber owed a duty of care to Baby Doe because she, through Jason, had hired Uber to drive Plaintiffs at the time of the accident.

87.     By reason of the foregoing, Defendant Driver #2 and Uber are liable to Baby Doe in the amount of more than $75,000 plus attorney costs and fees.

## COUNT VIII: Loss of Consortium (Jason, Minh, Jaden, & Gino)
## As against Defendant Driver #1 and Uber, Inc.

88.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

89.     As previously stated, Plaintiff Minh was pregnant with Baby Doe at the time of the accident.

90.     As previously stated, on August 1, 2021, Defendant Driver #1, owed duties of reasonable care and caution to Minh under the Motor Vehicle Code of the State of Michigan and

under common laws of the State of Michigan, but breached duties in at least one of the previously stated ways as it is presently known.

91.     As a result of her injuries from the accident, Minh experienced a miscarriage and both Baby Doe.

92.     The negligent acts of Defendant Driver #1, as outlined above, are an actual and proximate cause of the loss of Baby Doe's life.

93.     At the time of the accident, Defendant Driver #1 was acting in his capacity as an agent of Uber as he had Uber passenger(s) in his vehicle at the time of the subject motor vehicle crash.

94.     As a result of the negligence of Defendant Driver #1 and therefore, Uber, Plaintiffs Jason and Minh, as the parents of Baby Doe, have suffered and will in the future suffer the loss of Baby Doe's love, society, companionship, affection, services, and support.

95.     As a result of the negligence of Defendant Driver #1 and therefore, Uber, Plaintiffs Jaden and Gino, as the sibling and half-sibling of Baby Doe, have suffered and will in the future suffer the loss of Baby Doe's love, society, companionship, affection, services, and support.

96.     By reason of the foregoing, Defendant Driver #1 and Uber are liable to Plaintiffs in the amount of more than $75,000 plus attorney costs and fees.

### COUNT IX: Loss of Consortium (Jason, Minh, Jaden, & Gino)
### As against Defendant Driver #2 and Uber, Inc

97.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

98.     As previously stated, Plaintiff Minh was pregnant with Baby Doe at the time of the accident.

99.     As previously stated, on August 1, 2021, Defendant Driver #2, owed duties of reasonable care and caution to Minh under the Motor Vehicle Code of the State of Michigan and under common laws of the State of Michigan, but breached duties in at least one of the previously stated ways as it is presently known.

100.     As a result of her injuries from the accident, Minh experienced a miscarriage and Baby Doe passed away.

101.     The negligent acts of Defendant Driver #1, as outlined above, were actual and proximate cause(s) of the loss of Baby Does's life.

102.     At the time of the accident, Defendant Driver #2 was acting in his capacity as an agent of Uber as he had Uber passenger(s) in his vehicle at the time of the subject motor vehicle crash.

103.     As a result of the negligence of Defendant Driver #2 and therefore, Uber, Plaintiffs Jason and Minh, as the parents of Baby Doe, have suffered and will in the future suffer the loss of Baby Doe's love, society, companionship, affection, services, and support.

104.     As a result of the negligence of Defendant Driver #2 and therefore, Uber, Plaintiffs Jaden and Gino, as the sibling and half-sibling of Baby Doe, have suffered and will in the future suffer the loss of Baby Doe's love, society, companionship, affection, services, and support.

105.     By reason of the foregoing, Defendant Driver #2 and Uber are liable to Plaintiffs in the amount of more than $75,000 plus attorney costs and fees.

## DAMAGES (JASON)

106.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

107.     Jason has suffered serious and permanent injuries including, but not limited to:

(a)     Fracture in right wrist;

(b)     Sprain in left wrist;

(c)     Lumbar radiculopathy;

(d)     Displacement of lumbar intervertebral disc;

(e)     Anterior knee pain;

(f)     Multiple orthopedic injuries to ankle and foot;

(g)     Musculoskeletal pain in left shoulder;

  (h)  Psychological and emotional injuries; and

  (i)  Other injuries yet unknown.

108. Jason has suffered injuries that constitute serious impairments of important body functions.

109. Jason has been forced to undergo the numerous medical treatments, including but not limited to:

  (a)  Doctor's appointments;

  (b)  Nerve injections;

  (c)  Steroid injections;

  (d)  Ultrasounds;

  (e)  CT scans;

  (f)  MRI scans;

  (g)  Physical therapy for wrist, knee, ankle, and foot;

  (h)  Surgery on wrist;

  (i)  Pain medications; and

  (j)  Psychological counseling.

110. Jason will have to continue to undergo further medical treatment in the future.

111. Jason has suffered economic losses because he has not been able to fully work due to the pain which prevents him from being able to carry equipment as required by his employment.

112. Due to his injuries, Jason also has not been able to exercise as he did before the accident.

113. Jason has had to seek psychological treatment for the trauma endured during the accident as well as the loss of his unborn child due to the accident.

114. Jason, as parent to Jaden, Baby Doe, and as step-parent to Gino, has suffered and will in the future suffer the loss of Baby Doe's love, society, companionship, affection, services, and support.

115. Jason has suffered the above described physical pain and suffering as well as mental anguish, fright and shock, denial of social pleasure and enjoyment and embarrassment, humiliation and mortification, all of which are serious, permanent, and disabling.

## DAMAGES (MINH)

116. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

117. Minh has suffered serious and permanent injuries including, but not limited to:

    (a)    Broken collarbone;

    (b)    Miscarriage;

    (c)    Musculoskeletal pain in shoulder and back;

    (d)    Psychological and emotional injuries; and

    (e)    Other injuries yet unknown.

118. Minh has suffered injuries that constitute serious impairments of important body functions.

119. Minh has been forced to undergo the numerous medical treatments, including but not limited to:

    (a)    Doctor's appointments;

    (b)    Premature delivery of her unborn child;

    (c)    Physical therapy;

    (d)    Pain medications; and

    (e)    Orthopedic consultations.

120. Minh will have to continue to undergo medical treatment in the future.

121.    Minh has suffered economic losses because she was unable to work at her previous job as a nail technician due to the pain preventing her from handling the required tools. Consequently, she is currently unemployed.

122.    Minh's pain has impacted her everyday life in that carrying her new baby and three-year-old son has been difficult and/or impossible due to the pain from her injuries. The constant pain and inability to properly care for her children also reminds her of the loss of her daughters as a result of the motor vehicle accident.

123.    Minh has had to seek psychological treatment for the trauma endured during the accident as well as the loss of her unborn child due to the accident.

124.    Minh, as parent to Baby Doe, has suffered and will in the future suffer the loss of Baby Doe's love, society, companionship, affection, services, and support.

125.    Minh has suffered the above described physical pain and suffering as well as mental anguish, fright and shock, denial of social pleasure and enjoyment and embarrassment, humiliation and mortification, all of which are serious, permanent, and disabling.

## DAMAGES (JADEN)

126.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

127.    Jaden, as a brother to Baby Doe, has suffered and will in the future suffer the loss of Baby Doe's love, society, companionship, affection, services, and support.

## DAMAGES (GINO)

128.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

129.    Gino, as a half-brother to Baby Doe, has suffered and will in the future suffer the loss of Baby Doe's love, society, companionship, affection, services, and support.

**WHEREFORE**, Plaintiffs request judgment as follows:

A.      On Count One, awarding Minh in an amount to be determined at trial, but in no event less than $75,000 plus interest, costs, and attorney fees so wrongfully sustained.

B.      On Count Two, awarding Jason in an amount to be determined at trial, but in no event less than $75,000 plus interest, costs, and attorney fees so wrongfully sustained.

C.      On Count Three, awarding Jason in an amount to be determined at trial, but in no event less than $75,000 plus interest, costs, and attorney fees so wrongfully sustained.

D.      On Count Four, awarding Minh in an amount to be determined at trial, but in no event less than $75,000 plus interest, costs, and attorney fees so wrongfully sustained.

E.      On Count Five, awarding Minh in an amount to be determined at trial, but in no event less than $75,000 plus interest, costs, and attorney fees so wrongfully sustained.

F.      On Count Six, awarding Baby Doe in an amount to be determined at trial, but in no event less than $75,000 plus interest, costs, and attorney fees so wrongfully sustained.

G.      On Count Seven, awarding Baby Doe in an amount to be determined at trial, but in no event less than $75,000 plus interest, costs, and attorney fees so wrongfully sustained.

H.      On Count Eight, awarding Jason, Minh, Jaden, and Gino in an amount to be determined at trial, but in no event less than $75,000 plus interest, costs, and attorney fees so wrongfully sustained.

I.      On Count Nine, awarding Jason, Minh, Jaden, and Gino in an amount to be determined at trial, but in no event less than $75,000 plus interest, costs, and attorney fees so wrongfully sustained.

Respectfully Submitted

/s/ Scott D. Nadeau

SCOTT D. NADEAU (P64316)
NADEAU LAW, PLLC
Attorney for Plaintiffs Minh Tran and Baby Doe #1,
Baby Doe #2, and Gino Aquino
26339 Woodward Ave.
Huntington Woods, MI 48070
313-279-1276
scott@nadeaulawfirm.com

/s/David M. Burgess
DAVID M BURGESS (P58557)
Attorney for Plaintiffs Jason Hachigian and Jaden
Hachigian
1360 Porter St #260
Dearborn, MI 48124
Phone : (313) 961-4382
david29_1999@yahoo.com

DATED: April 13, 2023